CARNES, Circuit Judge,
specially concurring:
I agree with the Court’s conclusion that the Fair Labor Standards Act does not provide for the recovery of punitive damages, and I agree with most of the reasoning the majority opinion uses to reach that conclusion. The part I disagree with is the proposition that Congress’ provision for criminal penalties; see 29 U.S.C. § 216(a), indicates an intent to exclude punitive damages. Tellingly, the majority opinion cites no authority for that counter-intuitive proposition. The provision of criminal penalties means Congress thought compliance with the statute sufficiently im *940 portant that wilful violation of it should subject the culprit to the possibility of criminal prosecution and penalties upon conviction. That hardly forecloses punitive damages.
The majority opinion says that the enforcement of the criminal provision of the FLSA is “discretionary,” but it is no more discretionary than any criminal provision of any other statute. What section 216(a) provides is:
Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,-000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.
29 U.S.C. § 216(a). “Where is the discretion in that? The majority also points out that no person may be punished under section 216(a) unless the government proves guilt beyond a reasonable doubt. But that is true of any criminal provision in any statute.
The part of the majority opinion that relies upon the existence of a criminal penalty in the FLSA to negate punitive damages rests upon this proposition: Whenever Congress decides that a statute’s provisions are sufficiently important to warrant reinforcing compensatory remedies with a criminal sanction, we should infer Congress intended that punitive damages not be available. I disagree with that proposition. For the other reasons discussed in the majority opinion, however, I agree with the Court’s conclusion that Congress did not intend for punitive damages to be available for violations of the FLSA.